IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARAGE BENJAMIN HAYES,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ALAMEDA COUNTY SHERRIFF's DEPARTMENT; CORIZON HEALTH CARE; TRINITY SERVICES GROUP; et al.,<br><br>　　　　Defendant. | Case No.: C 14-2408 JSC (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

**INTRODUCTION**

　　Plaintiff, an inmate at the Santa Rita County Jail, filed this pro se civil rights complaint under 42 U.S.C. § 1983 against the Alameda County Sherriff's Department, officials working at the jail, and two private companies that provide medical care for jail inmates.[1] Plaintiff's application to proceed *in forma pauperis* is granted in a separate order. For the reasons explained below, the complaint is dismissed with leave to amend.

---

[1] Plaintiff consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Dkt. 4.)

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## LEGAL CLAIMS

Plaintiff alleges that he can no longer purchase bar soap in the jail canteen, and that he was denied dental and medical care for a "hole" in his tooth and an abscess on the back of his

2

head. The named defendants are the Alameda County Sheriff's Department, three different employees of the Sheriff's Department working at the jail, and two different health and dental care companies.

Plaintiff does not allege how any of the Defendants were involved in the violation of his rights. Liability may be imposed on a defendant under Section 1983 only if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights."). Plaintiff does not allege what any of the defendants did or failed to do, let alone how they stopped him from buying soap or denied him medical or dental care. In fact, he alleges no conduct whatsoever by any named defendant. To state a cognizable claim for relief, Plaintiff must allege facts describing how each defendant was involved in, and caused, the alleged violations of his rights.

Furthermore, while there are some alleged facts about the lack of soap in the canteen, Plaintiff makes only a conclusory allegation that his medical and dental care was inadequate. Plaintiff does not allege any facts that show how he was deprived of necessary dental and medical care, or that the denial of such care amounted to deliberate indifference. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment). For example, he does not allege when or what care he was provided, how such care was ineffectual, what efforts he made to obtain such care, who was involved in his care or lack thereof, or the problems he suffers as a result of his condition. Under *Twombly*, Plaintiff must allege facts that make it plausible that his medical and dental care violated his Eighth Amendment rights.

Plaintiff will be given leave to file an amended complaint that cures the above defects in the complaint.

## CONCLUSION

1   This case is DISMISSED WITH LEAVE TO AMEND.

2   Plaintiff shall file an amended complaint within **twenty eight (28) days from the date
3   this order is filed**. The amended complaint **must** include the caption and civil case number
4   used in this order (No. C 14-2048 (PR)) and the words "COURT-ORDERED FIRST
5   AMENDED COMPLAINT" on the first page. Because an amended complaint completely
6   replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992),
7   Plaintiff may not incorporate material from the original by reference. <u>Failure to amend within
8   the designated time and in accordance with this order will result in the dismissal of this action</u>.

9   It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court
10  informed of any change of address by filing a separate paper with the clerk headed "Notice of
11  Change of Address." He also must comply with the Court's orders in a timely fashion.
12  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to
13  Federal Rule of Civil Procedure 41(b).

14  **IT IS SO ORDERED.**

15  Dated:   June 16, 2014

                                                    _____
                                                    JACQUELINE SCOTT CORLEY
                                                    UNITED STATES MAGISTRATE JUDGE