UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARAGE BENJAMIN HAYES,<br><br>    Plaintiff,<br><br>    v.<br><br>ALAMEDA COUNTY SHERIFF DEPARTMENT, et al.,<br><br>    Defendants. | Case No. 14-cv-02408-JSC<br><br>**ORDER OF PARTIAL DISMISSAL AND OF SERVICE** |

## INTRODUCTION

Plaintiff, an inmate at the Santa Rita County Jail, filed this pro se civil rights complaint under 42 U.S.C. § 1983 against the Alameda County Sherriff's Department, officials working at the jail, and two private companies that provide services at the jail.[1] The complaint was dismissed with leave to amend, and Plaintiff filed a timely amended complaint. The Court has reviewed the amended complaint, and for the reasons explained below, it is dismissed in part and ordered served upon certain Defendants.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be

---

[1] Plaintiff consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Dkt. 4.)

liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## LEGAL CLAIMS

In his original complaint, Plaintiff claimed that that he can no longer purchase bar soap in the jail canteen, and that he was denied dental and medical care for a "hole" in his tooth and an abscess on the back of his head. The complaint was dismissed because Plaintiff did not allege any conduct by the Defendants or how they were involved in the alleged violation of his rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). In addition, Plaintiff did not allege any facts showing how he was deprived of necessary dental and medical care. The complaint was therefore dismissed with leave to amend, and Plaintiff was instructed that to state a cognizable claim for relief, he would have to allege in his amended complaint how each defendant was involved in, and caused, the alleged violations of his rights. He was also instructed to describe how he did not receive adequate

2

medical and dental care.

In his amended complaint, Plaintiff alleges that in March 2014, he requested treatment for a "hole" in one of his molars that was causing "excruciating pain" and preventing him from eating. The unnamed nurse on duty told him that she put his name on a list for care but that there were 4000 inmates ahead of him. When he complained about this in an administrative grievance, Defendant Sergeant R. MacIntire denied him immediate dental care because it was not an emergency. Plaintiff also alleges that there is only one dentist to care for 5,000 inmates at the jail. When liberally construed, Plaintiff's allegations are sufficient to state a cognizable claim against Defendant MacIntire and the Alameda County Sheriff's Department for being deliberately indifferent to his serious dental needs in violation of the Fourteenth Amendment by, in MacIntire's case, denying his request for dental care and, in the case of the Sheriff's Department, maintaining insufficient number of dentists for the inmate population.[2]

Plaintiff also complains that the Sheriff's Department only provides 1.4 ounces of liquid soap per week to indigent inmates such as himself, and that it removed bar soap from the canteen. According to Plaintiff, Defendant MacIntire denied his grievance requesting more soap on the grounds that the Sheriff's Department is not obligated to provide soap at an adult facility. When liberally construed, these allegations are sufficient to state a cognizable claim for the violation of Plaintiff's Fourteenth Amendment rights. *Cf. Keenan v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996), *amended*, 135 F.3d 1318 (9th Cir. 1998) (Eighth Amendment guarantees state prisoner's right to personal hygiene, including toothbrushes and soap); *see also Toussaint v. McCarthy*, 597 F. Supp. 1388, 1411 (N.D. Cal. 1984) ("A sanitary environment is a basic human need that a penal institution must

---

[2] Because Plaintiff was in jail and not state prison, and presumably a pretrial detainee, at the time of the alleged violations, **Error! Main Document Only.**the Due Process Clause of the Fourteenth Amendment governs his claims about the conditions of his confinement. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). Nevertheless, the Eighth Amendment serves as a benchmark for evaluating such claims. *Carnell v. Grimm*, 74 F.3d 977, 979 (9th Cir. 1996) (8th Amendment guarantees provide minimum standard of care for pretrial detainees). So, for example, the deliberate indifference standard of the Eighth Amendment applies to medical claims by pretrial detainees in county jail. *See id.*

1  provide for all inmates").

2  Lastly, Plaintiff alleges that he requested medical care for an abscess on the back of
3  his head because it was sore and leaking. Dr. D. Moore examined Plaintiff on May 9,
4  2014, said he would call Plaintiff back to the clinic to remove the abscess, and prescribed
5  him pain medication and antibiotics. As of June 23, 2014, Plaintiff had not been contacted
6  by Dr. Moore. When liberally construed, these allegations are sufficient to state a
7  cognizable claim against Dr. Moore for being deliberately indifferent to Plaintiff's serious
8  medical needs in violation of the Fourteenth Amendment.

9  Plaintiff does not allege how Defendants Corizon Health Care, C. Noriega, or R.
10  Carter were involved in the alleged violation of his constitutional rights. The only
11  allegations against Defendant Trinity Services Group is that one of their employees
12  informed Plaintiff that Sheriff's Department officials removed soap from the canteen. This
13  allegation, even if true and liberally construed, does not establish that Trinity Services
14  Group was involved in or caused any of the alleged constitutional violations. As Plaintiff
15  has not cured the deficiency in the original complaint in the claims against these
16  defendants, these claims will be dismissed. As Plaintiff has already been given leave to
17  amend as to these defendants, and failed to cure the defects, the dismissal shall be with
18  prejudice.

19  **CONCLUSION**

20  For the foregoing reasons,

21  1.   The claims against Defendants Corizon Health Care, C. Noriega, R. Carter,
22  and Trinity Services Group are DISMISSED with prejudice. The Clerk shall issue a
23  summons and Magistrate Judge jurisdiction consent form and the United States Marshal
24  shall serve, without prepayment of fees, the summons, the Magistrate Judge jurisdiction
25  consent form, a copy of the amended complaint with attachments thereto, and a copy of
26  this order upon: the Alameda County Sheriff's Department, Sergeant R. MacIntire, and Dr.
27  D. Moore at the Santa Rita County Jail in Dublin, California.
28  The Clerk shall also mail a courtesy copy of the amended complaint with all

1  attachments and a copy of this order to the Alameda County Counsel's Office.

2        2. Each Defendant shall complete and file their own Magistrate Judge jurisdiction
3  consent form within **28 days** of the date they are served, or **91 days** of the date this order is
4  filed, whichever comes first.  If all of the Defendants consent to a Magistrate Judge's
5  jurisdiction, then: a.  Defendants shall file an answer in accordance with the Federal Rules
6  of Civil Procedure.

7        b.  No later than **91** days from the date this order is issued, Defendants shall file a
8  motion for summary judgment or other dispositive motion.  The motion shall be supported
9  by adequate factual documentation and shall conform in all respects to Federal Rule of
10 Civil Procedure 56, and shall include as exhibits all records and incident reports stemming
11 from the events at issue.  If Defendant is of the opinion that this case cannot be resolved by
12 summary judgment, he shall so inform the Court prior to the date his summary judgment
13 motion is due.  All papers filed with the Court shall be promptly served on Plaintiff.

14       c.  At the time the dispositive motion is served, Defendants shall also serve, on a
15 separate paper, the appropriate notice required by *Rand v. Rowland*, 154 F.3d 952, 953-954
16 (9th Cir. 1998) (en banc).

17       d.  Plaintiff's opposition to the dispositive motion, if any, shall be filed with the
18 Court and served upon Defendants no later than **28** days from the date the motion is filed.
19 Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided
20 to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and
21 *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

22       e.  Defendants **shall** file a reply brief no later than **14** days after the opposition is
23 filed.

24       f.  The motion shall be deemed submitted as of the date the reply brief is due.  No
25 hearing will be held on the motion unless the court so orders at a later date.

26       3. All communications by Plaintiff with the Court must be served on Defendants,
27 or Defendants' counsel once counsel has been designated, by mailing a true copy of the
28 document to Defendants or Defendants' counsel.

1   4. Discovery may be taken in accordance with the Federal Rules of Civil
2   Procedure.  No further Court order under Federal Rule of Civil Procedure 30(a)(2) is
3   required before the parties may conduct discovery.

4   5. It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court
5   informed of any change of address by filing a separate paper with the clerk headed "Notice
6   of Change of Address."  He also must comply with the Court's orders in a timely fashion.
7   Failure to do so may result in the dismissal of this action for failure to prosecute pursuant
8   to Federal Rule of Civil Procedure 41(b).

9   6. Requests for a reasonable extension of time will be considered if supported by a
10  showing of good cause and filed prior to the deadline sought to be extended.

11  **IT IS SO ORDERED.**

12  Dated: October 10, 2014

                                              _____
13                                            JACQUELINE SCOTT CORLEY
14                                            UNITED STATES MAGISTRATE JUDGE

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If Defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.